NORMAN H. BUTLER AND MARY BUTLER, APPEL-LANTS, *v.* LAHONTAN VALLEY NEWS, RESPOND-ENT.

No. 7550

June 27, 1975                    537 P.2d 320

[Rehearing denied July 25, 1975]

*Seymour H. Patt,* Reno, for Appellants.

*Diehl, Recanzone, Evans & Smart,* Fallon, for Respondent.

## OPINION

*Per Curiam:*

In 1973, respondent newspaper petitioned the district court to declare it qualified to publish legal notices or advertisements within Churchill County, pursuant to NRS Chapter 238. Appellants, owners of a competing newspaper, intervened alleging that respondent did not meet the statutory qualifications for publication of legal notices within the county. After a contested hearing, the district court declared respondent "a newspaper of general circulation within the purview of chapter 238, NRS; that by virtue thereof, said publication is fully competent to contain and publish all forms of legal notices and/or advertisements as may be required by law."

NRS Chapter 238 delineates four requirements that a weekly newspaper must fulfill in order to be considered a newspaper of general circulation competent to publish legal notices and advertisements: (1) it must have a valid second-class mail permit; (2) it must be a newspaper of general circulation; (3) it must be published within the county for 104 consecutive weeks; and (4) it must be printed in whole or in part in the county in which the legal notice is required to be published.

Respondent's compliance with the first three requirements is not challenged. Appellants' sole contention is that the lower court erred in determining the Lahontan Valley News is "printed in whole or in part" in Churchill County, as required by NRS 238.030(1). We cannot agree.

Appellants argue that NRS 238.030(1) requires the actual duplication process be completed in whole or in part within Churchill County and since the Lahontan Valley News is duplicated in Sparks, it does not qualify. Appellants' interpretation of the word printed would in the context of this statute be both unreasonable and unrelated to the objective of statutes such as NRS Chapter 238, that being, to require public notices to be published so as fairly to express them to the particular community intended to be reached. In re Lefavor, 169 P. 412 (Cal. 1917).

According to the record, the office of the respondent newspaper is located in Fallon, where some of the typesetting, some work on headlines and pictures, and preparation of the page layouts used for duplication takes place. From the testimony,

we think the trial court could properly determine that the processes performed in Fallon, in their totality, constituted a substantial and integral part of the "printing." Thus, the Lahontan Valley News is "printed in whole or in part" within Churchill County. Cf. Ruble v. Redden, 517 P.2d 1124 (Okl. 1973), which holds that a more restrictive interpretation would render a similar statute unconstitutional.

The judgment of the district court is affirmed.